940 F.2d 676
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re FEDERAL COMPUTER CORPORATION, Petitioner.
 Misc. No. 307.
 United States Court of Appeals, Federal Circuit.
 June 21, 1991.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 MICHEL, Circuit Judge.
 
 ORDER
 
 1
 Federal Computer Corporation (Federal) petitions for writ of mandamus to direct the General Services Administration Board of Contract Appeals to adopt the Stipulation submitted by Federal and the Department of the Navy on July 12, 1990.
 
 
 2
 Federal prevailed before the Board in a protest action. On March 1, 1990, it requested an award of its protest costs. On July 12, 1990, Federal and the Navy submitted a Stipulation to the Board concerning Federal's costs. The Stipulation stated that the government would pay Federal's protest costs and that the amount would be paid from the Permanent Indefinite Judgment Fund.
 
 
 3
 By letter, the Board asked Federal and the Navy to brief the issue of "whether this matter should be referred to the full Board ... on the question of whether the Board can or should order respondent [Navy] to reimburse the permanent indefinite judgment fund for the amount of any award of costs that may be made in this case." Apparently, there is an ongoing dispute within the Executive Department about whether agencies which owe costs in protest actions should reimburse the fund. In responses to the Board's order, neither party advised referral to the full Board and both parties urged the Board to adopt the Stipulation.
 
 
 4
 In a follow-up letter in March 1991, Federal pointed out to the Board that FAR Sec. 33.105 had been recently amended to provide:
 
 
 5
 (2) costs awarded [by GSBCA] under subparagraph (f)(1) of this section shall be paid out in accordance with the procedures provided in 31 U.S.C. Sec. 1304 (the Permanent Indefinite Judgment Fund).
 
 
 6
 The Navy then responded that it is its position that the Navy does not have the statutory authority to pay protest costs from its agency appropriations. The Board has not acted since the latest round of letters in February and March.
 
 
 7
 Here, Federal requests that we direct the Board to adopt the parties' July 12, 1991 Stipulation and to forward a copy of its order to the General Accounting Office for payment. At this point, even where there has been a one year delay, we decline to do so.*
 
 
 8
 In Re Monroe Communications Corp., 840 F.2d 942 (D.C.Cir.1988) provides guidance in cases where an administrative agency delays deciding a matter. In Monroe, the D.C. Circuit determined that mandamus is warranted only when agency delay is egregious. The D.C. Circuit set forth a test whereby:
 
 
 9
 Delay is measured by a "rule of reason," informed whenever possible by discernible congressional expectations, respecting the pace at which proceedings should advance. The reasonableness of a delay depends in part on the potential impact of any attempt to accelerate the progress of the matter in question on other agency activities of equal or higher importance, as well as on the nature of the interest involved.
 
 
 10
 Monroe, 840 F.2d at 945.
 
 
 11
 Here, Federal has not shown that the delay is unreasonable. As acknowledged by Federal, the Board has imposing deadlines for deciding the merits of protests and, thus, necessarily accords a lower priority to cost petitions. Moreover, Federal concedes that its interests are commercial and do not directly implicate human health or welfare. See, Monroe, 840 F.2d at 945. Hence, Federal has not persuaded us that the extraordinary remedy of mandamus is now appropriate.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 Federal's petition for writ of mandamus is denied.
 
 
 
 *
 However, we are not unsympathetic to Federal's predicament and agree that mandamus could be appropriate some time in the future. Moreover, it appears that the Board has a number of options to move this matter forward: it could adopt the Stipulation; it could issue a final order refusing to adopt the Stipulation; or it could refer the matter to the full Board for further proceedings. Indeed, the referral matter has been briefed since March and, although the delay has been only four months, the matter appears so simple that the delay is becoming unreasonable